**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERTA A. L.,

Plaintiff,

v.

1:25-cv-1184 (AMN/DJS)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**OLINSKY LAW GROUP**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**HOWARD D. OLINSKY, ESQ.**

**SOCIAL SECURITY ADMINISTRATION**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**NATASHA OELTJEN, ESQ.**

**Hon. Anne M. Nardacci, United States District Judge:**

# ORDER

## I. INTRODUCTION

On August 29, 2025, Plaintiff Roberta A. L.[1] commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Security ("Commissioner") denying her application for disability insurance benefits under the Social Security Act. Dkt. No. 1.

This matter was referred to the United States Magistrate Judge Daniel J. Stewart, who, on September 10, 2026, recommended that the Court grant Plaintiff's cross-motion for judgment on the pleadings, Dkt. No. 11, deny the Commissioner's cross-motion for judgment on the pleadings, Dkt. No. 15, and vacate and remand the Commissioner's decision for further proceedings. Dkt. No. 17 ("Report-Recommendation"). Magistrate Judge Stewart advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 10-11.[2] Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc.*

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

*Sec.*, No. 21-cv-1138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367 (GTS/WBC), 2017 WL 5484663, at *1, n. 1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Stewart concluded that the Administrative Law Judge ("ALJ") did not err by failing to consider a statement from Dr. Thomas Eagan's September 11, 2015 treatment record because, contrary to Plaintiff's claims, Dr. Eagan's treatment record was not a medical opinion within the meaning of the 20 C.F.R. § 404.1527(a)(1), and as such, the ALJ was not required to consider the statement. Dkt. No. 17 at 5-7. As discussed by Magistrate Judge Stewart, medical opinions are "statements from acceptable medical sources that reflect judgments about the nature and severity of [the individual's] impairment(s), including [their] symptoms, diagnosis and prognosis, what [they] can still do despite impairment(s), and [their] physical or mental restrictions." *Id.* at 5 (quoting 20 C.F.R. § 404.1527(a)(1)). Magistrate Judge Stewart acknowledged that the ALJ's decision considered Dr. Eagan's September 2015 treatment record, but did not directly reference Dr. Eagan's comment that

> [t]he rotator cuff repair on two occasions renders a chronic impairment of the rotator cuff. Repair of this tendon leaves scar tissue in the tendon and it will never be like the original tendon. In this case it causes chronic pain and difficulty with activities. Dr. Ballentine noted a 25% loss of use of her shoulder.

*Id.* at 5 (quoting Dkt. No. 6 at 481). Magistrate Judge Stewart further noted that Dr. Eagan's September 2015 treatment record listed Plaintiff's prior medical treatment for her rotator cuff and

that Dr. Eagan stated "that because of scar tissue, Plaintiff's tendon "will never be like the original tendon." *Id*. at 6 (quoting Dkt. No. 6 at 481).

However, Magistrate Judge Stewart determined that Dr. Eagan's September 2015 treatment record was not a medical opinion within the meaning of the 20 C.F.R. § 404.1527(a)(1) because "Dr. Eagan identified no physical limitations or restrictions as a result of Plaintiff's rotator cuff issues," "Dr. Eagan offer[ed] no opinion about Plaintiff's functional limitations," and Dr. Eagan's statement about Plaintiff's injury was largely conclusory. *Id*. at 6-7 (internal quotation marks and citations omitted); *see also Edward A. v. Saul*, No. 5:19-CV-751 (DJS), 2020 WL 4015265, at *3 (N.D.N.Y. July 15, 2020); *Farnsworth v. Berryhill*, No. 16-CV-00381V(F), 2018 WL 6313468, at *4 (W.D.N.Y. June 6, 2018), *report and recommendation adopted,* No. 1:16-CV-00381 (MAT) (LGF), 2018 WL 5617720 (W.D.N.Y. Oct. 30, 2018)). Magistrate Judge Stewart noted that although Dr. Eagan referenced a medical opinion from Dr. Ballentine addressing Plaintiff's loss of use of her shoulder, "[n]owhere in his report did Dr. [Eagan] impose limitations on Plaintiff's functional abilities or describe what Plaintiff could do despite [her] physical ailments." *Id*. at 6-7 (quoting *Philip B. v. Comm'r of Soc. Sec.*, No. 6:23-CV-1455 (BKS/DJS), 2024 WL 5454787, at *3 (N.D.N.Y. Oct. 24, 2024), *report and recommendation adopted,* No. 6:23-CV-01455 (BKS/DJS), 2025 WL 540372 (N.D.N.Y. Feb. 19, 2025)). Accordingly, Magistrate Judge Stewart concluded that Dr. Eagan's statement is not a medical opinion that the ALJ needed to evaluate. *Id*. at 7.

Second, Magistrate Judge Stewart concluded that the ALJ erred by not further developing the record because the record contained insufficient information and prevented the ALJ from accurately determining Plaintiff's residual functional capacity ("RFC"). Dkt. No. 17 at 7-10; *see also Ramirez v. Saul*, No. 20-CV-2922 (NSR), 2021 WL 4264253, at *4 (S.D.N.Y. Sept. 20, 2021)

("Where the administrative record does not contain a medical opinion about the claimant's functional limitations, an ALJ is generally required to recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing to fully develop the record.").

Magistrate Judge Stewart acknowledged the Commissioner's argument that "Plaintiff's representative stated that 'all records have been received' at the administrative hearing," but concluded "that alone does not relieve the ALJ of the obligation to further develop the record when necessary." Dkt. No. 17 at 9 (first quoting Dkt. No. 6 at 33, then citing *Cannizzaro v. Saul*, No. 19-CV-690 (MWP), 2020 WL 5628066, at *4 (W.D.N.Y. Sept. 21, 2020)). Magistrate Judge Stewart explained that "[h]ere, the record demonstrates that the ALJ should have sought additional medical evidence regarding Plaintiff's functional abilities. The ALJ's RFC appears to have been based almost exclusively on Plaintiff's testimony and the ALJ's review of the medical records. *Id.* (citing Dkt. No. 6 at 22). Magistrate Judge Stewart "recognize[d] that a 'medical opinion is not required where . . . the record contains sufficient evidence for the ALJ to assess the claimant's RFC.'" *Id.* (quoting *William F. v. Comm'r of Soc. Sec.*, No. 20-CV-01293 (MJR), 2022 WL 16631050, at *8 (W.D.N.Y. Nov. 2, 2022)). However, Magistrate Judge Stewart determined that "[t]he medical evidence cited by the ALJ included almost exclusively diagnosis of conditions, rather than any discussion of Plaintiff's functional abilities or limitations." *Id.* (citing Dkt. No. 6 at 21-22); *see also Penny Ann W. v. Berryhill*, No. 5:17-CV-1122 (DJS), 2018 WL 6674291, at *4 (N.D.N.Y. Dec. 19, 2018) (concluding that where "the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate these diagnoses to specific residual functional capacities such as those set out in 20 C.F.R. § 404.1567(a) . . . the Commissioner may not make the connection himself."). Magistrate Judge Stewart concluded that

"it appears that 'the ALJ made a [RFC] determination based on medical reports that do not specifically explain the scope of claimant's work-related capabilities.'" *Id.* (quoting *Penny Ann W.*, 2018 WL 6674291, at *5). Ultimately, Magistrate Judge Stewart concluded that the matter needed to "be remanded for further development of the record." *Id.* at 10.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 17, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's cross-motion for judgment on the pleadings, Dkt. No. 11, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's cross-motion for judgment on the pleadings, Dkt. No. 15, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's final decision is **VACATED** and **REMANDED** to the Commissioner for further proceedings consistent with the Report-Recommendation, Dkt. No. 17; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 13, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge